UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOVENCIO DELA CALZADA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CONNIE GIPSON,<br><br>　　　　Respondent. | Case No. 14-cv-00103-WHO (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Dkt. No. 18 |

### INTRODUCTION

Petitioner Jovencio Dela Calzada seeks federal habeas relief from his state convictions because (1) his sentence is unconstitutional and (2) defense counsel rendered ineffective assistance.[1] Neither of these claims has merit. The petition for habeas relief is DENIED.

### BACKGROUND

In 2011, a Contra Costa County Superior Court jury found Dela Calzada guilty of committing multiple sexual offenses against two of his stepdaughters, Jane Does I and II. (Ans., Ex. 6 at 1 (State Appellate Opinion, *People v. Dela Calzada*, No. A133098, 2012

---

[1] In his traverse, Dela Calzada asserts the additional claim that the charges were time-barred. (Trav. at 7.) This claim is DENIED because it was raised in his traverse rather than in the petition. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994).

WL 5279770 (Cal. Ct. App. Oct. 26, 2012) (unpublished).)  He received a sentence of 173 years to life in state prison.  (*Id.*)  His attempts to overturn his convictions in state court were unsuccessful.  This federal habeas petition followed.

The state appellate court summarized the facts as follows:

> The two victims are two of [Dela Calzada's] three stepdaughters who were initially raised in the Philippines and moved to the United States in May 1997 after their mother married [Dela Calzada].  At the time Jane Doe II was 13, Jane Doe I was four, and the third sister, Renzel, was 16.
>
> In view of the limited nature of the issues raised on appeal, it is not necessary to set out the evidence at trial in any detail.  In short, Jane Doe II described a course of conduct in which [Dela Calzada] at first offered her money to massage him, threatened to send her back to the Philippines if she told her mother, engaged in various sex acts with her including intercourse and oral copulation, and had sex with her '[p]robably more than 50 times' although she was 'sure it's more than that.'  When Jane Doe II turned 17 she told Renzel of this conduct, and at Renzel's insistence told her mother.  Her mother, however, insisted that this conduct not be reported to the authorities, and Jane Doe II and Renzel soon moved out of the family home.  In December 2004, while in the Caribbean, Jane Doe II received a phone call from Jane Doe I, who 'was crying, sobbing, sound[ing] scared.'  Concerned about her sister and over her mother's objections and threats to kill herself, Jane Doe II contacted child protective services.  Upon returning to California she reported her prior experiences with [Dela Calzada] to a police detective.
>
> Jane Doe I testified to having observed [Dela Calzada] on top of Jane II, who was not wearing pants, and then to numerous experiences of her own with [Dela Calzada] between the time she was in kindergarten until she was 11 years old.  On many of these occasions [Dela Calzada] groped and touched Jane Doe I's vagina over her clothes.  Jane Doe I reported some of these incidents to her mother, who discouraged her from mentioning the incidents to others at the risk of being placed in a foster home.  [Dela Calzada] told Jane Doe I that he would deport her if she disclosed his actions.  Her call to Jane Doe II in the Caribbean was prompted by a threat from [Dela Calzada] to kill her by cutting her throat and throwing her off a bridge.  After she described to Renzel what had been occurring, she was interviewed by a police officer and a social worker, and then placed in a foster home.

2

(Ans., Ex. 6 at 2-3.)  Dela Calzada testified at trial that he was innocent of the charges, and had never sexually molested his daughters.  (*Id.* at 3.)

## STANDARD OF REVIEW

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts."  *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 413.  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Id.* at 411.  A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable."  *Id.* at 409.

3

When presented with a state court decision that is unaccompanied by a rationale for its conclusions, a federal court must conduct an independent review of the record to determine whether the state-court decision is objectively unreasonable. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). This review is not de novo. "[W]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011).

## DISCUSSION

### I.  Sentence

Dela Calzada was sentenced to a total term of 173 years to life. For his crimes against Jane Doe II, he received eight consecutive sentences of 15 years to life (with other sentences running concurrently), totaling 120 years. For his crimes against Jane Doe I, he received three consecutive sentences of 15 years to life, plus a sentence of 8 years (with other sentences running concurrently), totaling 53 years. (Ans., Ex. 2, Vol. 4 at 1093-94.)

Dela Calzada claims that the trial court violated (i) California Penal Code section 654, and thereby his right to due process, when it imposed multiple sentences for the same criminal conduct, and (ii) his Sixth Amendment jury trial rights when it imposed consecutive sentences after erroneously finding that the offenses occurred on separate occasions. (Pet. at 2-3.)

These claims were presented only by way of a habeas petition to the state supreme court, which summarily denied them. This Court will therefore conduct an independent review of the record to determine whether the state-court decision is objectively unreasonable. *See Delgado*, 223 F.3d at 982.

#### A.  Due Process

Dela Calzada's claim that the trial court violated his federal rights by imposing consecutive sentences contrary to state law does not warrant habeas relief. First, whether the offenses qualified as separate crimes under California Penal Code § 654 (or any other California statute) is a matter of state, not federal, law. The state supreme court's implicit

4

ruling that the evidence in this case supported a finding of separate crimes under state law binds this federal habeas court, *Bradshaw v. Richey*, 546 U.S. 74, even if state law were erroneously applied or interpreted, *Cooke*, 131 S. Ct. at 863. Dela Calzada may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). This claim is not cognizable on federal habeas review. *Swarthout v. Cooke*, 131 S. Ct. 859, 861-62 (2011).

The state and federal cases on which Dela Calzada relies are inapplicable. (Pet., Ex. A at 2-3.) Because state law violations cannot support a claim for federal habeas relief, the federal cases from the First, Second, and Fifth Circuits and are either not relevant or not binding on this Court.

Furthermore, Dela Calzada's claim is insufficiently detailed. He asserts in conclusory fashion that the convictions should not have been grouped together because his acts "are part of a continuous course of criminal activity despite [the fact that the acts were committed on] different[s] victims." (Pet., Ex. A at 3.) He points to no specific details showing that the crimes are separable. Because his claim is conclusory and undetailed, it fails to meet the specificity requirements of *Mayle v. Felix*, 545 U.S. 644, 655 (2005).

Importantly, if this were a cognizable federal claim, it would lack merit. Jane Doe II testified to over 70 incidents of sexual abuse from the age of 13 to 16. (Ans., Ex. 2, Vol. 1 at 164-68.) When asked whether that number was an estimate, she said, "Yeah, I'm sure it's more than that." (*Id.* at 164.) She then stated that an act of sexual abuse occurred "[p]robably at least once a week." (*Id.*) Intercourse would occur twice a month when she was 14 and 15. (*Id.* at 166.) Jane Doe I testified to many separate sexual offenses occurring from when she was in kindergarten to when she turned 11 years old, occurring in different places in the house. (*Id.* at 257-71.) There is no question that the acts were sufficiently separate to justify the imposition of consecutive sentences.

Upon an independent review of the record, the Court concludes that the state court's denial of the claim was not objectively unreasonable and therefore is entitled to AEDPA deference. Dela Calzada has not shown that there was no reasonable basis for the state

court to deny relief. Accordingly, this sentencing claim is DENIED.

### B. Sixth Amendment

Dela Calzada claims that the imposition of consecutive sentences violated his Sixth Amendment right to have a jury determine whether the crimes occurred on separate occasions. (Pet. at 6, 6A.) This claim is foreclosed by Ninth Circuit precedent. "The decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure and is not within the purview of federal habeas corpus." *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994). Sixth Amendment jury trial protections do not apply to a trial court's decision to impose concurrent or consecutive sentences. *See Oregon v. Ice*, 129 S. Ct. 711, 714-15 (2009). Also, as noted above, there was sufficient evidence in the record to support a finding that the incidents were separate, rather than part of a continuous course of conduct.

Upon an independent review of the record, the Court concludes that the state court's denial of the claim was not objectively unreasonable and therefore is entitled to AEDPA deference. Also, Dela Calzada has not shown that there was no reasonable basis for the state court to deny relief. Accordingly, this sentencing claim is DENIED.

## II. Assistance of Counsel

Dela Calzada asserts that trial counsel rendered ineffective assistance by failing to: (i) object to the prosecutor's statement that the victims were credible; (ii) impeach the victims on grounds that there was no physical evidence to support their testimony; (iii) object to his sentence on grounds that it violated section 654; (iv) disclose that the victims were motivated by the lure of money and possessions, and were coerced; (v) request disclosure of the victims' medical and school records and by failing to object when the trial court disallowed admission of the records; and (vi) request that the jury be instructed with CALJIC No. 2.72.

1   Claims of ineffective assistance of counsel are examined under *Strickland v.
2   Washington*, 466 U.S. 668 (1984).  In order to prevail on a claim of ineffectiveness of
3   counsel, the petitioner must establish two factors.  First, he must establish that counsel's
4   performance was deficient, i.e., that it fell below an "objective standard of reasonableness"
5   under prevailing professional norms, *id.* at 687-68, "not whether it deviated from best
6   practices or most common custom," *Harrington v. Richter*, 131 S. Ct. 770, 778 (2011)
7   (citing *Strickland*, 466 U.S. at 690).  "A court considering a claim of ineffective assistance
8   must apply a 'strong presumption' that counsel's representation was within the 'wide
9   range' of reasonable professional assistance." *Id.* at 787 (quoting *Strickland*, 466 U.S. at
10  689).

11  Second, he must establish that he was prejudiced by counsel's deficient
12  performance, i.e., that "there is a reasonable probability that, but for counsel's
13  unprofessional errors, the result of the proceeding would have been different." *Strickland*,
14  466 U.S. at 694.  A reasonable probability is a probability sufficient to undermine
15  confidence in the outcome.  *Id.*  Where the defendant is challenging his conviction, the
16  appropriate question is "whether there is a reasonable probability that, absent the errors,
17  the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695.  "The
18  likelihood of a different result must be substantial, not just conceivable." *Richter*, 131 S.
19  Ct. at 792 (citing *Strickland*, 466 U.S. at 693).

20  The standards of 28 U.S.C. § 2254(d) and *Strickland* are "highly deferential . . . and
21  when the two apply in tandem, review is doubly so." *Id.* at 788 (quotation and citations
22  omitted).  "The question [under § 2254(d)] is not whether counsel's actions were
23  reasonable.  The question is whether there is any reasonable argument that counsel
24  satisfied *Strickland*'s deferential standard." *Id.*

25  **A.     Failure to Object to Prosecutor's Statement**

26  Dela Calzada claims without elaboration that defense counsel should have objected
27  to the prosecutor's affirmation that the victims were credible witnesses. (Pet. at 6-A.)  He
28  cites no specific example nor indicates when the prosecutor allegedly made these

1 statements. This claim was presented to the state courts only by way of a habeas petition
2 to the state supreme court, which summarily denied the petition.

As a general rule, "a prosecutor may not express his opinion of the defendant's guilt or his belief in the credibility of [government] witnesses." *United States v. McKoy*, 771 F.2d 1207, 1211 (9th Cir.1985). Improper vouching for the credibility of a witness occurs when the prosecutor places the prestige of the government behind the witness or suggests that information not presented to the jury supports the witness's testimony. *United States v. Young*, 470 U.S. 1, 7 n.3, 11-12 (1985).

Habeas relief is not warranted here. All Dela Calzada alleges is: "Not objecting to the prosecutor's arguments about the credibility of the statements made by the victims." (Pet. at 6-A.) He points to no specific statements by prosecutor and he gives no indication when the prosecutor allegedly made these statements, either by citing a page number to the record or naming a stage of the trial. Because his claim is conclusory and undetailed, it fails to meet the specificity requirements of *Felix*, 545 U.S. at 655. By failing to provide any specific information to support his claim, he fails to show whether the prosecutor placed the prestige of the government behind the witness or suggested that information not presented to the jury supports the witness's testimony. *Young*, 470 U.S. at n.3.

Upon an independent review of the record, the Court concludes that the state court's denial of the claim was not objectively unreasonable and therefore is entitled to AEDPA deference. Dela Calzada has not shown that there was no reasonable basis for the state court to deny relief. This claim is DENIED.

**B.  Failure to Impeach**

Dela Calzada claims that defense counsel should have tried to impeach the victims by showing that their assertions were not supported by physical evidence. (Pet. at 6-A.)

Habeas relief is not warranted on this claim. Dela Calzada has not shown that there is no reasonable argument that counsel failed to satisfy *Strickland*'s highly deferential standard. If counsel had done as Dela Calzada suggests, the prosecutor likely would have countered with evidence that many of the crimes happened many years ago, and that Dela

Calzada threatened the victims with violence or deportation if they reported the abuse. It was reasonable and not prejudicial for counsel to forgo cross-examining the victims on this topic.

Upon an independent review of the record, the Court concludes that the state court's denial of the claim was not objectively unreasonable and therefore is entitled to AEDPA deference. Dela Calzada has not shown that there was no reasonable basis for the state court to deny relief. This claim is DENIED.

### C. Failure to Object to the Sentence under Section 654

Habeas relief is not warranted here. The state courts rejected Dela Calzada's free-standing section 654 claim for lack of merit. As stated in Section I, above, I agree. Because the claim lacks merit, Dela Calzada cannot show that counsel's failure to object on the same grounds constituted a deficient performance or resulted in prejudice. Any objection would almost certainly have been overruled. Upon an independent review of the record, the Court concludes that the state court's denial of the claim was not objectively unreasonable and therefore is entitled to AEDPA deference. Dela Calzada has not shown that there was no reasonable basis for the state court to deny relief. Accordingly, this claim is DENIED.

### D. Failing to Disclose Victims' Motivations

Dela Calzada claims that defense counsel rendered ineffective assistance by failing to disclose that the victims lied to increase their chances of obtaining his assets and were coached by their mother and her boyfriend. (Pet. at 6A.) His theory appears to be that the victims lied to incriminate him, which would please their mother, Maria, who would reward them financially, especially when she received the proceeds she obtained from her divorce from Dela Calzada.

Habeas relief is not warranted here. Dela Calzada's theory is wholly without support. He has not provided any evidence of a conspiracy or inclination to lie, such as proof that the victims received his money or possessions, or made inculpatory admissions. He does provide evidence in his traverse that he must pay restitution to the victims, and

that there were money and possessions to be had from the marriage. (Trav., Ex. A.) But there is no evidence that the victims fabricated their testimony to obtain restitution or his assets. It is purely speculative to contend that the victims were coached, coerced, or in any way encouraged to lie. Because there was no supporting evidence, it was reasonable and not prejudicial for counsel to decline to impeach the victims on the grounds Dela Calzada suggests. Upon an independent review of the record, the Court concludes that the state court's denial of the claim was not objectively unreasonable and therefore is entitled to AEDPA deference. Dela Calzada has not shown that there was no reasonable basis for the state court to deny relief. This claim is DENIED.

### E.   Disclosure of Medical and School Records

Dela Calzada claims that counsel rendered ineffective assistance when he failed to obtain and disclose the victims' medical and school records, and when he failed to object when the trial court disallowed the admission of the records. (Pet. at 6-A.) But contrary to Dela Calzada's assertion, defense counsel sought to obtain and then moved to admit the records. (Ans., Ex. 1, Vol. 1 at 93E; Ex. 2, Vol. 1 at 8-9, 19.) After much legal wrangling, the trial court reviewed them in camera and declined to admit them, saying, "There was absolutely nothing of any value to either side." (*Id.*, Ex. 2, Vol. 1 at 82-83.)

Habeas relief is not warranted. Dela Calzada's claim that counsel should have obtained the records fails because counsel <u>did</u> try to obtain the records. It was reasonable and not prejudicial for counsel to forgo objecting to the court's ruling since any objection would almost certainly have been rejected, given that the trial court itself inspected the records. Upon an independent review of the record, the Court concludes that the state court's denial of the claim was not objectively unreasonable and therefore is entitled to AEDPA deference. Dela Calzada has not shown that there was no reasonable basis for the state court to deny relief. Accordingly, this claim is DENIED.

### F. Request for CALJIC No. 2.72

Dela Calzada claims that counsel rendered ineffective assistance by failing to request that the jury be instructed on CALJIC No. 2.72 ("Corpus Delicti Must Be Proved Independent of Admission or Confession"), which reads:

> No person may be convicted of a criminal offense unless there is some proof of each element of the crime independent of any [confession] [or] [admission] made by [him] [her] outside of this trial.
>
> The identity of the person who is alleged to have committed a crime is not an element of the crime [nor is the degree of the crime]. The identity [or degree of the crime] may be established by [a] [an] [confession] [or] [admission].

This claim is nonsensical. Dela Calzada points to no admissions or confessions he made regarding the charges. Without a basis for using the instruction, CALJIC No. 2.72 would have been irrelevant. It was reasonable and not prejudicial for counsel to not request this instruction.[2] Upon an independent review of the record, the Court concludes that the state court's denial of the claim was not objectively unreasonable and therefore is entitled to AEDPA deference. Also, Dela Calzada has not shown that there was no reasonable basis for the state court to deny relief. This claim is DENIED.

### CONCLUSION

The state court's adjudication of Dela Calzada's claims did not result in decisions that were contrary to, or involved an unreasonable application of, clearly established federal law, nor did they result in decisions that were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Dela Calzada may seek a certificate of appealability

---

[2] Dela Calzada's claim that the trial court violated his constitutional rights by failing to give the instruction (Pet., Ex. A at 1) is DENIED because the instruction was unnecessary.

11

from the Ninth Circuit.

Dela Calzada's motion to file a traverse with excess pages (Docket No. 18) is GRANTED.

The Clerk shall terminate Docket No. 18, enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

**Dated:**  May 5, 2015



WILLIAM H. ORRICK
United States District Judge